UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN BUSTOS, | No. 1:24-cv-00259-CDB (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |
| v. | |
| T. TAYLOR, Warden, | **21-Day Deadline** |
| Respondent. | Clerk of the Court to Assign District Judge |

**Background**

Petitioner Juan Bustos ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant habeas petition on March 1, 2024, while in custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution, Mendota. (Doc. 1). The petition is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases[1] ("Habeas Rules"). Under Habeas Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

---

[1] The Habeas Rules may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Habeas Rule 1.

1

1    Writ of habeas corpus relief extends to a person in custody under the authority of the
2  United States.  *See* 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the
3  validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under
4  28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's
5  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *Brown v.*
6  *United States*, 610 F.2d 672, 677 (9th Cir. 1990).  A petitioner filing a petition for writ of habeas
7  corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's
8  custodian.  *Id.*
9  **Discussion**
10   In this case, Petitioner argues the BOP improperly denied him earned time credits under
11  the First Step Act because he is the subject of an immigration detainer.  (*See generally* Doc. 1).
12   Petitioner initiated this action while he was housed at FCI - Mendota (a correctional
13  facility within the Eastern District of California).  However, a review of the BOP's inmate locater
14  for Petitioner's name and "BOP Register Number" reflects that Petitioner was released from
15  custody on August 2, 2024.[2]  Because Petitioner has been released from custody, the Court is
16  unable to grant him the relief he seeks -- specifically, the award of ETCs that would permit
17  Petitioner to seek early release.  Accordingly, his petition is moot and must be dismissed.  *See*
18  *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas
19  corpus case); *Johnson v. Matevousian*, 745 Fed. Appx. 780, 781 (9th Cir. 2018) (same); *see also,*
20  *e.g., Sila v. Warden*, No. EDCV 22-1632 RSWL (AS), 2023 WL 2504476, at *2-3 (C.D. Cal. Feb
21  13, 2023) ("Because Petitioner has now been released from BOP custody, the relief sought in the
22  Petition is moot, and no further relief remains to be granted in this case. Indeed, even if Petitioner
23  is currently on supervised release and seeks to apply First Step Act credits to reduce his term of
24  supervised release, that relief is unavailable here") (citing cases).

---

[2] *See* www.bop.gov/inmateloc/ (last visited August 22, 2025). *See also Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein.")

2

**Conclusion and Findings/Recommendation**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a U.S. District Judge to this action.

Further, for the reasons stated above, the undersigned HEREBY RECOMMENDS that the petition be dismissed without prejudice as being mooted by Petitioner's release from custody.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, Petitioner may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent Petitioner wishes to refer to any exhibit(s), he should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the U.S. District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). Any failure by Petitioner to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 22, 2025**

UNITED STATES MAGISTRATE JUDGE